FRANK S. ROBERTS *vs.* J. ELLIS WHITE, Admr. *et al.*

JUNE 27, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)    *Equity Pleading.*

There cannot be answers and demurrers covering the same matters pending at the same time, and after admitting the jurisdiction of the court by filing an answer in an equity proceeding, respondent cannot subsequently demur on the ground that complainant has an adequate remedy at law.

(2)    *Equity Pleading.    Estoppel by Answer.*

Where a respondent by his answer has admitted the jurisdiction of the court in equity, and has not changed his position until after the statutory period within which an action at law might be maintained against him, he is estopped by his act from thereafter asserting the adequacy of a legal remedy for the complaint.

(3)    *Equity.    Quia Timet.    Dower.*

A bill in equity against an administrator with the will annexed in which the complainant seeks to remove the cloud upon the title to certain property purchased by him from testator as to which the widow did not release dower, and in which she has been awarded dower in the form of an annual life payment, is in effect a bill *quia timet*, of which equity has jurisdiction.

BILL IN EQUITY.    Heard on appeal of complainant and appeal sustained.

BLODGETT, J.    This is a bill in equity against J. Ellis White as administrator with the will annexed of the estate of William E. Newell, late of Pawtucket, Emily W. Newell, his widow, and Eli S. Newell, a devisee under his will, in which the complainant seeks to remove a cloud upon the title to certain property purchased by him from said William E. Newell in his lifetime as to which said Emily W. Newell did not release her dower and in and to which she now claims, and has been awarded, dower in the form of an annual payment for her life.

The record of the case subsequent to the filing of the bill on February 3, 1909, is as follows:    There does not appear to have been any subpœna issued, but on February 19, 1909, the respondents White and Eli S. Newell filed their joint and several answer, in the nature of a cross bill and praying that other per-

sons be made parties to the proceeding. On June 22, 1909, the widow, Emily W. Newell, filed her separate answer in which she "admits all the allegations contained in the complainant's bill and joins in the prayer of the complainant in so far as he asks that J. Ellis White, Administrator of the Estate of William E. Newell, may be decreed by this Honorable Court forthwith to pay and satisfy said Emily W. Newell, Respondent, for her right of dower in the premises described in said Bill of Complaint."

On February 20, 1909, complainant filed two exceptions to certain paragraphs on the answer of the respondents White and Eli S. Newell, the sole ground being in each case that the passages set forth were impertinent. On June 2, 1909, the exceptions were heard by the court and before decision the then counsel for the respondents White and Eli S. Newell, deceased. Later the present counsel for the respondents entered their appearance and on March 21, 1910, the cause was further heard on said exceptions and the complainant's exceptions to the answer were sustained. With the answer of the widow, who had joined in the prayer of the complainant, as above set forth, not excepted to or replied to or withdrawn; without a withdrawal of the joint and several answer, which had been filed by White and Eli S. Newell and which, though as to certain parts found to be subject to the exceptions above stated, still stood as to the remainder as valid answers to the bill, and without consent of counsel for the complainant, and so far as the record shows, without a motion therefor and while the cause then stood for hearing on the bill and answers theretofore filed, leave was then granted to still further complicate the pleadings by permitting White to file a demurrer on the ground that complainant had an adequate remedy at law and on December 12, 1910, after hearing on the demurrer of White only, a decree was filed sustaining the demurrer and dismissing the entire proceeding. And from this decree the complainant has appealed.

The appeal must be sustained. There cannot be answers and demurrers covering the same matters pending at the same time;

that is to say, that, after answer has been filed, it is not proper to demur subsequently and thus to admit and attempt to deny the jurisdiction of the court at one and the same time. Having admitted the jurisdiction of the court by answering, the respondent White now seeks by his demurrer to deny the jurisdiction of the court on the ground that the complainant has an adequate remedy at law. It appears by the record that the complainant presented his claim to the respondent White as administrator, as a legal claim against the estate of said William E. Newell, and that on August 6, 1908, the respondent White denied and disallowed the same. Even if respondent's contention were originally correct he cannot now be heard to urge it, inasmuch as by his answer having originally admitted the jurisdiction of the court and not changing that position until after the statutory period within which an action at law could be brought against the administrator, he is estopped by his own act from thus asserting the adequacy of a legal remedy for the complaint. This is in effect a bill *quia timet* ,and of such bills equity has unquestionable jurisdiction. *A fortiori* is this the case when the complainant has, as here, assented originally to the jurisdiction in equity and has maintained that attitude until all legal remedy (if any adequate legal remedy ever existed) has been barred by the statute of limitations.

The appeal is sustained, the decree of the Superior Court dismissing the bill is vacated, and the case is remanded to the Superior Court with direction to strike the demurrer from the files and for further proceedings.

*Littlefield & Barrows,* for complainant.
*Bassett & Raymond,* for respondents.